FILED
·SUPERIOR COURT
OF GUAM

2014 JUL 16 AM 10: 15

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT
OF GUAM**

CHUNG SOOK KIM,

               Plaintiff,

     vs.

MI HYE KIM, KI YOUNG KIM, MIN
KYONG KIM, HEE SOON JEONG, BYUNG
GON KIM, and DOES I through IV,

               Defendants.

Civil Case no. CV0710-11

**DECISION AND ORDER**

## INTRODUCTION

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendants' Hee Soon Jeong and Byung Gon Kim's, Motion to Amend Pleading and Notice of Withdrawal of Consent to Previous Scheduling Order; Request for Scheduling Order Dates; and Proposed Scheduling Order have been placed under advisement by the Honorable Judge Michael J. Bordallo. Defendants Mi Hye Kim, Ki Young Kim and Min Kyong Kim (hereafter Defendants Kim) are represented by attorney John R. B. Bell. Defendants Hee Soon Jeong and Byung Gon Kim (hereafter Defendants Jeong) were represented by attorney Helkei S. Hemminger. Plaintiff was represented by attorney Carlos L. Taitano. Having received and reviewed the arguments, papers, and file herein, the Court now issues the following order allowing Defendants Jeong's request to amend, and entering a scheduling order.



## BACKGROUND

I.

In the suit it is partially alleged that on January 15, 2010, Defendants Jeong entered into an agreement with Defendant Mi Hye Kim and Plaintiff Choon Sook Kim to purchase a residential property. The agreement set a purchase price of the residential property at $300,000. Defendant's Jeong provided this amount through the transfer of their Mini Mart business, a lease back provision allowing Plaintiff to remain on the residential property for two years, and a payment of $60,000.00.

The instant matter arises out of a civil complaint for cancellation of instrument containing three counts for breach of fiduciary duty, aiding and abetting breach of fiduciary duty and constructive trust, filed by the Plaintiff on April 22, 2011. Plaintiff filed a first amended complaint for cancellation of instrument on May 6, 2011. Plaintiff's first amended complaint contained four counts: breach of fiduciary duty, fraud, aiding and abetting breach of fiduciary duty and constructive trust.

On February 17, 2012, the Court entered an order dismissing Count II of Plaintiff's complaint and granting leave to amend a portion of her pleading. Plaintiff filed her second amended complaint on March 9, 2012. In her pleading Plaintiff alleges counts of: breach of duty, fraud, aiding or abetting breach of duty, and constructive trust. On April 9, 2013 Defendants Jeong filed a pleading entitled, Answer to Complaint; Counterclaim as to Plaintiff; Cross-claim as to Defendants' Mi Hye Kim, Ki Young Kim, Min Kyong Kim; Demand for Arbitration. In their counter-claim and cross-claim Defendants Jeong allege four causes of action and a section entitled Demand for Arbitration. The causes of action alleged in Defendants Jeong's pleading are: quiet title, breach of warranty, recission and fraud.

## II.

Defendants Kim, on May 3, 2013, pursuant to Rule 12(b)(6), filed a motion to dismiss Defendants Jeong's count for recission and fraud and to deny demand for arbitration. The Court on August 29, 2013 granted in part Defendants Kim's motion to dismiss, and dismissed the fraud claim as to the unnamed parties. It held that the arbitration was outside its scope of review and lacked specificity. The Court held that the remainder of the challenged counts of Plaintiff's Second Amended Complaint were sufficient to withstand a rule 12(b)(6) motion.

Prior to the entry of this order the Parties, on August 27, 2013, filed a stipulated discovery plan. It set deadlines for the disclosure of expert testimony and referenced but did not identify a discovery cutoff deadline.

## III.

Subsequent to Defendants Jeong's February 10, 2014, substitution of counsel, on March 14, 2014, Defendant Jeong filed a Motion to Amend Pleading. In their motion Defendants request that they be allowed to specifically include an additional affirmative defense of *bona fide* purchaser and two additional causes of action for ejectment and unjust enrichment.

Plaintiff and Defendants Kim did not file papers in opposition to Defendants Jeong's request.

## IV.

On March 14, 2014, Defendants Jeong filed a paper entitled, Notice of Withdrawal of Consent to Previous Scheduling Order; Request for Scheduling Order Dates; and Proposed Scheduling Order. In it Defendants Jeong assert and argue that because many of the dates in the previous order have passed and in light of their new attorneys substitution of counsel, the prior stipulation between the parties is no longer practicable. They assert that they have been unable

to reach a stipulation by the other Parties to this request and are accordingly proposing the entry of a scheduling order and requesting that the Court assign appropriate dates to the specific events.

Plaintiff and Defendants Kim did not file papers in opposition to Defendant's Jeong's request. Furthermore at the May 27, 2014 hearing, Defendants Jeong indicated that the Parties had agreed to the dates as set forth in Defendants Jeong's proposed scheduling order.

V.

On May 22, 2014, Defendants Jeong filed an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause why a Preliminary Injunction should not Issue. However at a further proceedings hearing on the June 23, 2014, that motion was withdrawn.

## DISCUSSION

I.

Rule 15 of the Guam Rules of Civil Procedure governs the amendment of a party's pleadings. Guam R. Civ. P. 15. It provides,

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may o amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

*Id.* Applying the above rule to the facts of this case Defendants Jeong's request is to be analyzed under a "shall be freely granted when justice so requires" showing. *Id.* Defendants Jeong assert that their grounds to support such a finding lie in their desire to cure a possible pleading error where their First Amended Answer asserts facts demonstrating a *bona fide*

purchaser status but fails to specifically list it as an affirmative defense. Similarly Defendants Jeong assert that their additional causes of action have been adequately noticed and are directly linked to the *bona fide* purchaser defense such that justice requires their inclusion.

In light of the above and specifically the non-opposition of the Parties the Court finds that the request to amend is sufficiently supported. *Id.* However in light of this case's April 22, 2011, commencement and the aspirational goals of the Court's Administrative Rule 06-001 and 13-003, the Court cautions the Parties that the amendments shall not be considered justifiable grounds for delaying the timely conclusion of this matter. *Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 21¶ 16 (factors which mitigate against leave to amend are undue delay, bad faith or dilatory motive on the part of the movant).

II.

Rule 16 of the Guam Rules of Civil Procedure regulates the entry of scheduling orders in any action pending before a court. Guam R. Civ. P. 16(a). It grants a court the discretion to direct the expedited disposition of an action, control protracted case management, discourage wasteful pretrial activities, require thorough pretrial preparation and facilitate settlement. *Id.* Guam R. Civ. P. 16(a). It further allows the entry of an order that limits and establishes deadlines for the: joiner of parties, filing of motions, amendment of pleadings, completion of discovery and establishes dates for a final pretrial conference and trial. *Id.* (b). Once such an order has entered the rule further requires that prior to its amendment there be a showing of good cause. *Id.*

Under the above standard and in consideration of length of time this matter has been pending, time period previously stipulated for discovery, the Parties' August 27, 2013 stipulation and Defendants Jeong's paper and assertions, and the Guam Supreme Court's

Administrative Rules 006-001 and 13-003, the Court finds the entry of the following dates and deadlines necessary to a resolution of this matter:

1. The Parties' August 29, 2013 discovery plan is adopted and amended as follows:

2. All motions to join or add parties or claims may not be filed unless a showing of good cause is made;

3. The discovery cut-off date (defined as the last day to file responses to discovery and complete depositions) is September 15, 2014;

4. All discovery motions shall be filed on or before September 15, 2014;

5. All dispositive motions shall be filed on or before October 15, 2014;

6. A Pretrial Conference in this matter is set for November 18, 2014, at 11:00 a.m.

7. The Parties' pretrial materials, discovery materials, witness lists, designations, and exhibit lists shall be filed 14 days prior to the trial set in this matter;

8. A two day trial by a jury of six is set to commence on December 1, 2014, at 1:30 p.m.

## CONCLUSION

For the reasons set forth above Defendant Jeong's requests are Granted.

SO ORDERED, this __16__ day of _____July_____ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam5

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of: _Carlos Tritano_
_Torres law group, Cabot Mantanona_
Date: _7/16/14_ Time: _10 50_

Deputy Clerk, Superior Court of Guam